NO. 07-04-0562-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 21, 2004



______________________________




CITY OF AMARILLO, APPELLANT



V.



NANCY ASHTON, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 54,036-A; HONORABLE HAL MINER, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Pursuant to section 51.014(a)(8) of the Texas Civil Practice and Remedies Code,
appellant, the City of Amarillo, filed an accelerated notice of appeal from an interlocutory
order dismissing its first amended motion to dismiss for lack of jurisdiction the suit for
personal injuries brought by appellee Nancy Ashton. Pending before this Court is a joint
motion to dismiss the accelerated appeal in which the parties represent they have settled
the matter. 

 Without passing on the merits of the appeal, pursuant to Rule 42.1(a) of the Texas
Rules of Appellate Procedure, we grant the motion and dismiss the appeal. Having
dismissed the appeal at the request of the parties, no motion for rehearing will be
entertained and our mandate will issue forthwith.

 Don H. Reavis

 Justice

 




ertAlignCellWithSp/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0274-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JANUARY
5, 2011

 



 

JOE D. VILLARREAL,  

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

____________________________

 

FROM THE 364TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2007-415,073; HONORABLE BRADLEY
S. UNDERWOOD, PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL  and HANCOCK, JJ.

            Joe D. Villarreal
seeks reversal of his conviction of injury to a child (his daughter) by
contending the trial court erred in admitting 911 calls made by his wife when
she did not testify at trial.  We affirm
the judgment. 

On November 23, 2006, Police Officer Chris Jenkins
was dispatched to an address in response to two hang-up 911 calls.[1]  A third 911 call was made while the officer
was in route.  Jenkins met the victims
mother, Delores, who had suffered injuries at the hand of appellant, her
husband.  Appellant had left in his
vehicle with the couples twelve-year-old daughter, and her mother was
concerned for her welfare.  The officer
drove Delores to her own mothers house for her safety.  A short time later, Delores called 911
again.  When Jenkins arrived, Delores
pointed out appellants vehicle driving toward them.  The vehicle accelerated past them but was
stopped shortly thereafter by another police officer.  The daughter was removed from the vehicle and
had injuries to her face.   

            Delores did
not testify at trial.  Appellant argues
that the 911 calls with Delores voice on them should not have been admitted
into evidence because they violated his right to confront the witness.[2]  

            The Sixth Amendment right to confront
witnesses applies to out-of-court statements that are testimonial in
nature.  Martinez v. State, 311 S.W.3d 104, 109-10 (Tex. App.Amarillo 2010,
pet. refd).  The admission of
testimonial hearsay is forbidden unless the declarant is unavailable to testify
and the defendant had a prior opportunity to cross-examine the declarant.  Crawford
v. Washington, 541 U.S. 36, 59, 124 S.Ct. 1354, 1369, 158 L.Ed.2d 177
(2004).  Whether an out-of-court
statement is testimonial is a question of law. 
De La Paz v. State, 273 S.W.3d
671, 680 (Tex. Crim. App. 2008).  A
statement is testimonial when the surrounding circumstances objectively
indicate that the primary purpose of the interview or interrogation is to
establish or prove past events potentially relevant to later criminal
prosecution.  Id.  In determining whether a
statement is testimonial, we may examine whether 1) the situtation was still in
progress, 2) the questions sought to determine what was transpiring, 3) the
primary purpose of the interrogation was to render aid rather than memorialize
a possible crime, 4) the questioning was conducted in a separate room away from
the alleged attacker, and 5) the events were deliberately recounted in a
step-by-step fashion.  Vinson v. State, 252 S.W.3d 336, 339
(Tex. Crim. App. 2008).  Generally, 911
calls are not designed to establish or prove some past facts but to describe
current circumstances requiring police assistance, although they can evolve
into testimonial statements once the questions necessary to resolve the
emergency have been posed. See Davis v.
Washington, 547 U.S. 813, 828, 126 S.Ct. 2266, 2277, 165 L.Ed.2d 224
(2006).  

            Here, the
calls related to a situation in progress. 
The first two occurred at 10:20 and 10:23 p.m.  The officer met with Delores at 10:29 p.m.
and took her to her mothers house at 10:48 p.m. The last 911 call occurred at
approximately 11:09 p.m.  Thus, less than
an hour lapsed between all of them.  Furthermore,
in one, Delores could be heard crying and imploring the police to hurry because
appellant had their daughter.  In another,
she told the 911 operator that appellant had just called and theatened to harm the
child if she (Delores) did not return his phone.  When the officer spoke to Delores in person,
he also learned information that caused him to be concerned for the childs
safety.  Moreover, the girl was not taken
from appellant until after the last of the calls. 

From these circumstances, one can reasonably
infer that the primary purpose of the calls was to enable police to meet an ongoing
emergency rather than garner inculpatory or testimonial evidence for later
use.  And, to the extent that the calls
may have referenced past events, the burden was on appellant to specifically
point out the portions of the calls that were inadmissible.  Whitaker
v. State, 286 S.W.3d 355, 369 (Tex. Crim. App. 2009); Reyes v. State, 314 S.W.3d 74, 78 (Tex. App.San Antonio 2010, no
pet.).  He did not do that.  Indeed, appellant failed to discuss the
content of the calls and explain what portion of that content was allegedly objectionable.  Instead, he simply argued that the transcription
of the calls in their entirety should not be admitted.  Such a broad attack falls short of adequately
illustrating that any testimonial evidence was admitted.   

Consequently, we hold that the trial courts
decision to admit the evidence despite appellants oblique objection fell
within the zone of reasonable disagreement and, therefore, failed to constitute
an instance of abused discretion.       
 The judgment is affirmed.

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice 

 

Do not publish. 











[1]The
first call was a hang-up.  The 911
operator then called the number back and a man answered and told the operator
that there was no problem.  In the next
call, a woman merely said she needed a cop and hung up.  The next two 911 calls contain more
substantive information from the victims mother.  





[2]Appellants
objection at trial was rather broad.  He
simply invoked the constitution instead of identifying the particular provision
of that document which he thought was involved. 
Yet, for purposes of this appeal, we assume, arguendo, that such was enough to
preserve his current complaint for review.